CV 13 - 6870

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEREK BOWEN,

Plaintiff,

- against -

THE CITY OF NEW YORK, P. O. DANIEL DOMARECKI, Tax Registry No. 938382, individually and in his official capacity and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),

Defendants.

---

Civil Action No:

**VERIFIED COMPLAINT**

Jury Trial Demanded

ROSS, J.

LEVY, M.J

Plaintiff, DEREK BOWEN, by his attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.     Plaintiff, DEREK BOWEN, is, and has been, at all relevant times, a resident of the County of the Kings, City and State of New York.

7.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.     At all times hereinafter mentioned, the individually named defendants, THE CITY OF NEW YORK, P.O. DANIEL DOMARECKI, Tax Registry No. 938382, individually and in his official capacity and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known), were duly sworn law enforcement officers of said departments and were acting under the supervision of said departments and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

13.     On or about June 2, 2013, at approximately 2:45 p.m., plaintiff, DEREK BOWEN, was lawfully present at the 71st Precinct located at 421 Empire Boulevard, County of Kings, City and State of New York.

14. At that time and place, the above named individual officers approached the plaintiff, grabbed him and handcuffed his arms tightly behind his back.

15. At that time and place, the above named individual officers while having the plaintiff in custody did intentionally push, trip and or caused the plaintiff to fall and to be seriously injured, including a mid-shaft humerus fracture of the left shoulder.

16. At no time on June 2, 2013 did the defendant officers possess justification to use such force against plaintiff, DEREK BOWEN, and the application of such force was objectively unreasonable under the circumstances prevailing then and there.

17. Thereafter, the plaintiff was transferred to a nearby police precinct.

18. At no time on June 2, 2013 did plaintiff commit any crime or violation of law.

19. At no time on June 2, 2013 did defendants possess probable cause to arrest plaintiff.

20. At no time on June 2, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. In connection with his arrest, the defendants filled out false and/or misleading police reports.

22. As a result of the defendants' conduct, the plaintiff was given a summons for disorderly conduct.

23. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately one (1) hour in custody.

24. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately two (2) months making numerous court appearances.

25. Despite defendants actions, all charges against plaintiff, DEREK BOWEN, were dismissed on August 16, 2013.

26. As a result of the foregoing, plaintiff DEREK BOWEN sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION
## OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 26 with the same force and effect as if fully set forth herein.

28.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29.    All of the aforementioned acts deprived plaintiff, DEREK BOWEN, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

32.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

33.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 32 with the same force and effect as if fully set forth herein.

34.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

35.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and

deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36.    Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 35 with the same force and effect as if fully set forth herein.

37.    The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

38.    Specifically, the defendants utilized excessive force in intentionally pushing, tripping and or causing the claimant to fall and to be seriously injured while he was handcuffed.

39.    As a result of the foregoing, the plaintiff, DEREK BOWEN, sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.


## FIFTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY
## UNDER 42 U.S.C. § 1983

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 39 as if the same were more fully set forth at length herein.

41.    Defendants arrested and incarcerated plaintiff, DEREK BOWEN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

43.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

44.    The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department directly cause, *inter alia*, the following

unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.   arresting individuals regardless of probable cause in order to cover-up police misconduct

      iii.  falsifying evidence and testimony to support those arrests;

      iv.  falsifying evidence and testimony to cover-up police misconduct.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department led directly to officers of those institutions expressing deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DEREK BOWEN.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

47.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

49.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was incarcerated unlawfully.

50.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

51.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

52.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights,

including, but not limited to, the rights:

      i.      not to be deprived of liberty without due process of law;

      ii.      to be free from seizure and arrest not based upon probable cause;

      iii.      to be free from unwarranted and malicious criminal prosecution;

      iv.      not to have excessive force exerted upon him; and

      v.      to be afforded a fair trial.

## PENDANT STATE CLAIMS

53.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 52 with the same force and effect as if fully set forth herein.

54.    On or about July 2, 2013, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

55.    Defendant, THE CITY OF NEW YORK, has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

56.    Defendant, THE CITY OF NEW YORK, had a hearing pursuant to General Municipal Law § 50-h on November 1, 2013.

57.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

58.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

59.    This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

60.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 59 with the same force and effect as if fully set forth herein.

61.    Defendants misrepresented and falsified evidence before the Kings County District

Attorney.

62.     Defendants did not make a complete and full statement of facts to the District Attorney.

63.     Defendants withheld exculpatory evidence from the District Attorney.

64.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, DEREK BOWEN.

65.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff, DEREK BOWEN.

66.     Defendants acted with malice in initiating criminal proceedings against plaintiff, DEREK BOWEN.

67.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, DEREK BOWEN.

68.     Defendants lacked probable cause to continue criminal proceedings against plaintiff, DEREK BOWEN.

69.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, including but not limited to, at the grand jury.

70.     Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff was engaging in disorderly behavior on June 2, 2013.

71.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about August 16, 2013, when the charges against him were dismissed.

72.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 72 with the same force and effect as if fully set forth herein.

74.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

75.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

76.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

77.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

78.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

<u>EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW</u>
<u>NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION</u>

79.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 78 with the same force and effect as if fully set forth herein.

80.    Defendant, THE CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

81.    Defendant, THE CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

82.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE,** the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 5, 2013

OKUN, ODDO & BABAT, P.C.

By: _____

Adam D. Polo, Esq. (ADP-8912)
Attorneys for Plaintiff
8 West 38th Street, 10th Fl.
New York, New York 10018
(212) 642-0950
File: 9845

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEREK BOWEN,<br><br>                                        Plaintiff,<br><br>                   - against -<br><br>THE CITY OF NEW YORK, P. O. DANIEL DOMARECKI, Tax Registry No. 938382, individually and in his official capacity and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>                                        Defendants. | Civil Action No:<br><br><br>**VERIFICATION** |

STATE OF NEW YORK    )
                                        : ss.:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
           December 5, 2013

_____
ADAM D. POLO (ADP-8912)